UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TIMOTHY RORICK and | ) |
| DEANNA RORICK, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) CAUSE NO. 1:14-cv-204-WCL-SLC |
|  | ) |
| HARDI NORTH AMERICA, INC., and | ) |
| FINE POINTS, LLC, d/b/a Northfield | ) |
| Industries, LLC, | ) |
|  | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a Motion for Joinder of Real Party in Interest (DE 42) filed by Plaintiffs Timothy and Deanna Rorick on August 4, 2015, seeking to name Mid-State Farmer's Mutual Insurance Company, their insurer, as an additional plaintiff in this action. Plaintiffs represent that Defendants' counsel have been contacted and have no objection to the motion. (DE 42 ¶ 8).

Upon review of Plaintiffs' motion, the Court notes that there are several problems. First, Plaintiffs have failed to attach the proposed amended complaint to their motion in accordance with Local Rule 15-1(a).

Second, the motion is untimely, as Plaintiffs' deadline for any amendments to the pleadings passed on February 2, 2015. (DE 19; DE 20). A party seeking to amend a pleading after the date specified in a scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b)(4). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). "[T]o demonstrate 'good cause' a party must show that despite [his] diligence, the time table could not reasonably have been met." *Tschantz v.*

*McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) (citations omitted).

Finally, this case was filed in this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (DE 1). Plaintiffs' motion, however, does not specify Mid-State's organizational form or citizenship. The Court must be assured that the joinder of Mid-State would not destroy diversity jurisdiction. In that same vein, the Court observes that the record is unclear as to the citizenship of Defendant Fine Points, LLC, d/b/a Northfield Industries, LLC ("Northfield"). In the Amended Complaint, Plaintiffs allege that Northfield is "an Illinois corporation" with its principal place of business in Illinois. (DE 23 ¶ 3). But the name of the entity suggests that it instead is a limited liability company.

For purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990). Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Therefore, if Northfield is actually limited liability company as its name reflects, the Court must be advised of the identity and citizenship of all its members to ensure that none of the members share a common citizenship with Plaintiffs. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*,

2

364 F.3d 858, 861 (7th Cir. 2004).

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "[I]f at any point, the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action." *Cumulus Radio Corp. v. Olson*, No. 15-cv-1067, 2015 WL 1110592, at *1 (C.D. Ill. Mar. 10, 2015); *see, e.g.*, *Gard v. I-Flow Corp.*, No. 3:10-cv-80, 2012 WL 5332042, at *3 (N.D. Ind. Oct. 26, 2012) (dismissing case for lack of subject-matter jurisdiction).

Therefore, the Court takes Plaintiffs' motion for joinder (DE 42) UNDER ADVISEMENT. Plaintiffs are ORDERED to file on or before August 20, 2015: (1) Plaintiffs' proposed amended complaint in accordance with Local Rule 15-1(a); and (2) a supplement to the record that properly sets forth the citizenship of both Mid-State and Northfield, tracing such citizenship through all applicable layers of ownership. Plaintiffs are also granted leave to supplement their motion in an effort to show "good cause" for its untimeliness.

SO ORDERED.

Enter for the 7th day of August 2015.

S/Susan Collins
Susan Collins,
United States Magistrate Judge
