# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

TIMOTHY RORICK )
and DEANNA RORICK, and )
MID-STATE FARMERS MUTUAL )
INSURANCE COMPANY, )
           )
        Plaintiffs, )
           )
v. )      Cause No.: 1:14-CV-204
           )
HARDI NORTH AMERICA INC., )
and FINE POINTS, LLC d/b/a )
NORTHFIELD INDUSTRIES, LLC )
           )
        Defendants. )

## OPINION AND ORDER

This matter is before the court on the Plaintiffs' Motion for Partial Summary Judgment

and memorandum in support (Docket Entries 52 and 53). Defendant HARDI North America,

Inc., filed a response in opposition to the motion and a supporting memorandum (DE 54 and 55),

and the Plaintiffs filed a reply brief (DE 56). For the reasons discussed below, the motion is

GRANTED in part and DENIED in part. The motion is granted as to the issue of an implied

warranty of merchantability and denied as to the issue of implied warranty of fitness for a

particular purpose. This ruling pertains only those claims asserted against Defendant HARDI in

Count VII of the Plaintiffs' Second Amended Complaint; all other claims asserted against either

Defendant are unaffected by this order.

**FACTUAL BACKGROUND**[1]

In the first week in May of 2013, Plaintiffs Timothy and Deanna Rorick purchased an agricultural sprayer known as a HARDI Navigator 4000. Complaint, p. 2. The machine was manufactured by Defendant HARDI. *Id*. Defendant Fine Points, d/b/a Northfield Industries, "manufactures component parts for the Sprayer, including but not limited to the wheel assemblies." *Id*. On July 13, 2013, Timothy Rorick was pulling the Sprayer behind a farm tractor when "the rear wheel axle and wheel assembly broke, causing the right rear wheel to fall off." *Id*., pp. 2-3. This caused the unit to overturn and it "sustained significant damage as a result[.]" *Id*., p. 3. The Plaintiffs allege that "[i]t was subsequently determined that, as a result of a manufacturing and/or design defect, the Sprayer had insufficient grease in the right rear wheel hub and/or bearing assemblies[]" and that this defect caused the machine to overturn. *Id*. Mid-State is a plaintiff because the company "was the property insurer for [the Roricks] and made payments to the Roricks to compensate them for damages to the Sprayer." *Id*.[2] The Plaintiffs allege that "[b]ecause of the defective condition of the Sprayer manufactured by HARDI, Plaintiffs suffered significant property damage and incurred other recoverable expenses." *Id*. The Plaintiffs assert seven claims in their Complaint, four against HARDI and three against Northfield (including claims for "strict liability for manufacturing defect," "design defect," and "negligence"). *Id*., pp. 3-9. For purposes of the present motion, however, the only claim at issue

---

[1] These facts are taken from the Plaintiffs' Second Amended Complaint (DE 46), which is the controlling Complaint in this case.

[2] Mid-State has a subrogation claim for the amount it paid to the Roricks (assuming, of course, that the defendants are ultimately deemed liable for any damages) and was joined as a party plaintiff on August 21, 2015, after the court granted the Roricks' motion for joinder. *See* DE 45.

is Plaintiffs' Count VII, which is asserted against HARDI only and alleges "breach of express warranty and implied warrantys [sic] of merchantability and fitness for a particular purpose." *Id.*, pp. 8-9. The Plaintiffs argue that as a result of these allege warranty breaches, HARDI is liable to them for damages pursuant to "Article II of the Uniform Commercial Code[,]" specifically Indiana Code Sections 26-1-2-714 and 715. *Id.*, pp. 9-10. HARDI contends that it disclaimed any implied warranties and so the Plaintiffs are not entitled to judgment as a matter of law on this issue and their motion should be denied. Defendant's Response, pp. 4-7.

**STANDARD OF REVIEW**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this

burden is met, the adverse party must then "set forth specific facts showing that there is a genuine

issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

## DISCUSSION

The Plaintiffs argue "that the undisputed facts of this case demonstrate that Defendant

[HARDI's] attempt to disclaim implied warranties, and specifically the warranties of

merchantability and fitness for a particular purpose, was deficient." Plaintiffs' Memorandum, p.

1. "Accordingly, Plaintiffs request partial summary judgment from this Court determining that

HARDI failed to properly disclaim implied warranties, and determining that those implied

warranties are and were available to Plaintiffs." *Id*. HARDI responds by arguing that it properly

disclaimed any implied warranties and, in any event, that the Roricks had actual knowledge of

HARDI's warranties (and, by implication, the limitations thereto). Defendant's Response, pp. 4-

7.[3] So the issue before the court is whether the warranty disclaimer language contained in the

HARDI Sprayer's Instruction Book (essentially an owner's manual) was deficient as a matter of

law, as the Plaintiffs contend, so as to support the claims asserted in Count VII of the Plaintiffs'

Complaint (and, consequently, permit the Plaintiffs to invoke the remedies and damages

provisions contained in I.C. §§ 26-1-2-714 and 715).

The disclaimer language at issue appears on the last page of the HARDI Navigator

Instruction Book. Plaintiffs' Exhibits, DE 52-2, p. 107; Defendant's Exhibits, DE 54-2, p. 106.[4]

---

[3] HARDI also raises three other arguments, which the Plaintiffs contend are red herrings, and those will be addressed below.

[4] The page numbers cited by the court are the numbers assigned by the court's electronic docketing system, which appear in the top right corner of each referenced document (and which may or may not correspond to the page numbers appearing on the original document).

That language reads in its entirety as follows:

> DISCLAIMER OF FURTHER WARRANTY
>
> THERE ARE NO WARRANTIES, EXPRESSED OR IMPLIED, EXCEPT AS
> SET FORTH ABOVE. THERE ARE NO WARRANTIES WHICH EXTEND
> BEYOND THE DESCRIPTION OF THE PRODUCT CONTAINED HEREIN.
> IN NO EVENT SHALL THE COMPANY BE LIABLE FOR INDIRECT,
> SPECIAL OR CONSEQUENTIAL DAMAGES (SUCH AS LOSS OF
> ANTICIPATED PROFITS) IN CONNECTION WITH THE RETAIL
> PURCHASER'S USE OF THE PRODUCT.

*Id*. (capitalization in original). The Plaintiffs argue that this disclaimer is inadequate under

applicable law because it lacks the degree of conspicuousness and specificity required under Ind.

Code § 26-1-2-316(2) and Iowa Code § 554.2316. Plaintiffs' Memorandum, pp. 4-5.[5] Indiana

Code Section 26-1-2-316(2) states, in relevant part, as follows:

> [T]o exclude or modify the implied warranty of merchantability or any part of it
> the language must mention merchantability and in case of a writing must be
> conspicuous, and to exclude or modify any implied warranty of fitness the
> exclusion must be by a writing and conspicuous. Language to exclude all implied
> warranties of fitness is sufficient if it states, for example, that "There are no
> warranties which extend beyond the description on the face hereof."

The Plaintiffs argue that HARDI's disclaimer fails to meet the requirements set forth in the

statute and, consequently, is ineffective as to both the warranty of merchantability and the

warranty for fitness for a particular purpose.

**I. Implied Warranty of Merchantability.**

As the Plaintiffs correctly point out, a warranty of merchantability "is implied in *all* sales

---

[5] The parties do not dispute that Indiana law applies in this case. The Plaintiffs reference
the Iowa statute only to point out that "Uniform Commercial Code Section 2-316 . . . has been
codified in both Iowa (where the Sprayer was manufactured) and Indiana (where the Sprayer was
purchased) . . ." [and] "sets forth the necessary procedure for disclaiming implied warranties."
Plaintiffs' Memorandum, p. 4.

contracts if the seller is a merchant with respect to goods of that kind." *Id*., p. 4 (citing I.C. § 26-1-2-314(1)). It is well established that "[t]he implied warranty of merchantability provides a warranty that goods will be merchantable, and it is implied in a contract for sale if the seller is a merchant with respect to goods of that kind. *Irmscher Suppliers, Inc. v. Schuler*, 909 N.E.2d 1040, 1048 (Ind.Ct.App. 2009). . . . Indiana Code § 26–1–2–314(2) requires that, for the goods to be merchantable, they must be fit for the ordinary purposes for which such goods are used. The 'implied warranty of merchantability is imposed by operation of law for the protection of the buyer and must be liberally construed in favor of the buyer.'" *Chesaco Motors, Inc. v. Gulf Stream Coach, Inc.*, 2013 WL 1281827, at *3 (N.D.Ind. March 26, 2013) (quoting *Frantz v. Cantrell*, 711 N.E.2d 856, 859 (Ind.Ct.App. 1999)). The Plaintiffs argue that "HARDI's failure to properly disclaim the implied warranty of merchantability is obvious from the face of the statute. In order to disclaim the implied warranty of merchantability, the disclaimer language 'must mention merchantability.' . . . The word 'merchantability' is completely absent from HARDI's purported disclaimer. . . . Accordingly, the purported disclaimer . . . is ineffective as a matter of law." Plaintiffs' Memorandum, p. 5 (citing *Jones v. Abriani*, 350 N.E.2d 635, 645 (Ind.App. 1976)) (attempted disclaimer of implied warranty of merchantability was ineffective where it did not mention the word "merchantability"); *see also*, *Travel Craft, Inc. v. Wilhelm Mende GmbH & Co.*, 552 N.E.2d 443, 444 (Ind. 1990) ("Indiana Code § 26-1-2-316(2) requires using the actual word 'merchantability' in order to protect the buyer from surprise. The warranty of merchantability is so frequently implied in a sale that to exclude it one must exercise special care.") (citations omitted).

In its brief in opposition to the Plaintiffs' motion, HARDI does not address the fact that

the word "merchantability" does not appear in the disclaimer provision. Instead, HARDI's

opposing brief addresses only the issue of conspicuousness. The statute is unambiguous: in order

to disclaim an implied warranty of merchantability, a merchant's disclaimer provision must

include language that comports with the mandates of § 316(2), which expressly states that the

disclaimer "must mention merchantability." Since it is undisputed that HARDI's disclaimer

provision does not do that, the disclaimer is ineffective as a matter of law with regard to the

implied warranty of merchantability.

**II. Implied Warranty of Fitness for a Particular Purpose.**

Next, the Plaintiffs contend that "[w]hile HARDI's purported disclaimer contains the

necessary language to disclaim a warranty of fitness [for a particular purpose], that language is

far from conspicuous." Plaintiffs' Memorandum, p. 5. (The Plaintiffs also state that the issue of

"conspicuity . . . applies equally to the warranty of merchantability." *Id*., n. 1.) The Indiana Code

defines "conspicuous" as follows:

> A term or clause is conspicuous when it is so written that a reasonable person
> against whom it is to operate ought to have noticed it. A printed heading in
> capitals (as: NONNEGOTIABLE BILL OF LADING) is conspicuous. Language
> in the body of a form is conspicuous if it is in larger or other contrasting type or
> color. . . . Whether a term or clause is conspicuous or not is for decision by the
> court.

I.C. § 26-1-1-201(10).

In support of their argument that HARDI's disclaimer provision lacks the requisite

conspicuousness, the Plaintiffs argue as follows:

> The purported disclaimer is at the bottom of the last page of a one hundred (100)
> page Instruction Book. There is no place for the purchaser to sign on that page,

7

and no signature is contemplated. The language is not in a larger font, nor in a contrasting color. While the language is capitalized, it represents only 34% (twenty-six out of seventy-seven) of the capitalized words on [the] page[.] . . . Indeed, the disclaimer is not even the most conspicuous language on the page; six additional words on [the] page . . . are both capitalized *and* underlined. The disclaimer language is inconspicuous as a matter of law, and this Court should find so.

Plaintiffs' Memorandum, p. 6. HARDI maintains that the Plaintiffs' conspicuity argument fails since "HARDI's disclaimer was conspicuous because it was on the very last page of the Instruction Book, under a large font, bold title that said "Warranty" and a printed heading in capitals, which read "DISCLAIMER OF FURTHER WARRANTY. Page five of the Table of Contents even directs users to the Warranty pages. The disclaimer was also set apart from the previous list of warranty conditions . . ." and consequently "the disclaimer was adequately conspicuous." Defendant's Response, p. 6.

HARDI's argument on this point is well taken. The Plaintiffs description of the disclaimer language as being at the very end of a "one hundred page Instruction Book," constituting only a third of the capitalized words on the page, and not placed in a larger or colored typeface, implies that the disclaimer is somehow buried at the end of a 100-page document and therefore the Roricks had no reason to notice it, making it insufficiently conspicuous as a matter of law. But the Plaintiffs' characterization is inaccurate. For one thing, the Plaintiffs' contention that the capitalized letters of the disclaimer are "only 34% (twenty-six out of seventy-seven) of the capitalized words on [the page]" appears to be incorrect or at least misleading. The disclaimer provision consists of a total of 60 words, including the title, all of which are capitalized. Plaintiffs' Exhibits, DE 52-2, p. 107. This would mean that the disclaimer provision alone constitutes 76% of all the capitalized words on that same page. Apparently the

Plaintiffs are referring only to the first sentence of the disclaimer, which does indeed consist of 26 words. In any event, the Plaintiffs contend that the disclaimer language is not conspicuous enough since there are so many other capitalized words on the same page. But while there are 19 other capitalized words, all of which are part of a previous section discussing HARDI's express, limited warranty rather than any implied warranties, eleven of those are the name "HARDI," which appears in all capital letters throughout the Instruction Book. So, according to the court's calculation, the disclaimer actually contains 60 capitalized words out of a total of 68 on the page (excepting the 11 references to "HARDI"), which would amount to 88% of the total capitalized words on the page. But this mathematical quibbling is not the point. The disclaimer provision is set out in all capital letters and, while it appears on the very last page of the 100-page long Instruction Book, it is set apart from the section preceding it, is separated from that preceding section by extra line spacing, and no other provisions or text appear below it. In short, while the disclaimer provision might not "jump off the page" as it were, the court concludes that it is sufficiently conspicuous as that term is defined in § 201(10). The language appears on a page of the Instruction Book that carries the title "Warranty," (which itself appears in a large, bold typeface), it contains all capital letters, is set apart from other text on the page, and, of course, includes its own title of "Disclaimer of Further Warranty."

The Plaintiffs cite several cases they claim support their position on the issue of conspicuousness, including *Jones v. Abriani*, supra, *Jerry Alderman Ford Sales, Inc. v. Bailey*, 291 N.E.2d 92 (Ind.Ct.App. 1972), and *Woodruff v. Clark County Farm Bureau Coop. Ass'n*, 286 N.E.2d 188 (Ind.Ct.App. 1972). But while all of these cases held that a warranty disclaimer provision was invalid for lack of conspicuousness, the facts of those cases are readily

distinguishable. Since they are factually distinguishable, the court will dispense with an analysis

of each case. But just by way of example, the Plaintiffs properly assert that the disclaimer

provision at issue in *Jones* was deemed invalid for lack of conspicuousness even though it was

part of a document that was only two pages long, a holding that would ostensibly support the

Plaintiffs' contention that HARDI's disclaimer provision, appearing as it does at the end of a

100-page booklet, is perforce ineffective. However, what the court determined in the case was

that the disclaimer's "placement on the reverse side of the form buried in a whole page of fine

print, made such disclaimer inconspicuous, rather than conspicuous, and thus ineffective as a

matter of law." *Jones*, 350 N.E.2d at 645. The operative phrase in that holding is "buried in a

whole page of fine print." That is not the case with the HARDI disclaimer, for reasons already

explained. Again, the other cases cited by the Plaintiffs are equally distinguishable or otherwise

unavailing. The court concludes that the disclaimer provision as it appears in the HARDI

Instruction Book is sufficiently conspicuous, as that word is defined in I.C. § 26-1-1-201(10), and

therefore effectively disclaims any implied warranty of fitness for a particular purpose. (Recall

that the Plaintiffs challenged only the conspicuousness of the disclaimer, having conceded that

"the disclaimer contains the necessary language to disclaim an implied warranty of fitness[.]"

Plaintiffs' Memorandum, p. 5.)

A few final matters. HARDI argues, essentially, that the issue of conspicuity is moot,

because Timothy Rorick's deposition testimony indicates that he had knowledge of the warranty

provisions in the Instruction Book. Defendant's Response, pp. 6-7. The Plaintiffs contend that

this argument is a red herring and the court agrees. As the Plaintiffs point out, the deposition

excerpts to which HARDI refers clearly reveal that Mr. Rorick testified that he had at least some

familiarity with the general terms of HARDI's limited warranty, but mention nothing regarding any implied warranties. The Plaintiffs note that "Rorick was never asked about the disclaimer, never testified that he read the disclaimer, and never so much as testified [sic] that he was aware that HARDI's warranty was limited or otherwise disclaimed. Simply put, HARDI is attempting to make Rorick's testimony do far more than it does." Plaintiffs' Reply, pp. 7-8. The court agrees that HARDI's argument misinterprets or mischaracterizes Mr. Rorick's testimony. But in light of the court's conclusion that the disclaimer was sufficiently conspicuous, this debate about Mr. Rorick's alleged personal knowledge need not be addressed further.

Next, HARDI also argues that "[t]he wheel hub on Plaintiffs' sprayer is not covered by HARDI's limited warranty[]" since HARDI's express warranty excepts any "[p]arts of the machine not manufactured by HARDI[.]" Defendant's Response, p. 7. This argument adds nothing to the calculus, though, for two reasons. First, the language HARDI refers to excepts the wheel hub assembly, which undisputedly was manufactured by Defendant Northfield, from HARDI's express limited warranty. It is not at all clear, however, nor does HARDI expressly state, that this exception applies to implied warranties that arise out of operation of law. Second, as the Plaintiffs point out, "HARDI's argument is neither here nor there for the purposes of Plaintiffs' Motion for [Partial] Summary Judgment, which solely addresses the implied warranties of merchantability and fitness for particular purpose." Plaintiffs' Reply, p. 9. The court agrees that while this might be an issue going forward in this case (say, for example, on the issue of assessment of damages between the Defendants), it is not relevant to the issues presented by the present motion.

Finally, HARDI states that the Plaintiffs "have already been reimbursed by their

11

insurance company for their loss. . . . While that may be a collateral issue in this context, a result in Plaintiffs' favor would amount to a double recovery. [Mid-State Farmers Insurance] was not in privity of contract with HARDI (the manufacturer), so it would, arguably, not be entitled to the benefit of the implied warranties." Defendant's Response, p. 7. HARDI is correct–this is a collateral matter and not relevant to the issues presently before the court.

### CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment filed by the Plaintiffs (DE 52) is GRANTED in part and DENIED in part. The motion is granted as to the issue of an implied warranty of merchantability and denied as to the issue of implied warranty of fitness for a particular purpose. This ruling pertains only to those claims asserted against Defendant HARDI in Count VII of the Plaintiffs' Second Amended Complaint; all other claims asserted against either Defendant are unaffected by this Opinion and Order.

.

Date: February 29, 2016.

/s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana
